IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| SEAN OELLIEN AND RONDA OELLIEN, INDIVIDUALLY AND AS PARENTS OF MINOR CHILD, AND MINOR CHILD<br><br>PLAINTIFFS<br><br>v.<br><br>KNOX COUNTY, TENNESSEE<br><br>DEFENDANTS | Case No. 3:23-cv-00319<br><br>JURY DEMAND |

## COMPLAINT

COMES NOW PLAINTIFFS, Sean and Ronda Oellien, as parents of a minor child ("Plaintiffs" and "Minor", respectively), by and through their undersigned counsel of record, and for their complaint against Knox County ("Defendant"), states as follows:

### NATURE OF ACTION

1. This is a civil action against the Defendant through the Knox County Sheriff's Department for violation of Minor's civil rights as enshrined within the United States Constitution. Minor was detained by the Knox County Sheriff's Department, held for over four (4) hours in the back seat of the Deputy's vehicle for no discernable reason, and was not transported to Juvenile Court until after the Court had closed, thereby preventing his arraignment that same day - a Friday. These actions resulted in Minor being detained over the weekend until his arraignment the following Monday, and Defendant's actions are a violation of federal law. Plaintiffs seek relief through compensatory damage and punitive damages.

///

///

///

## JURISDICTION AND VENUE

2. This Court has jurisdiction over federal questions pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §§ 1983, 1988.

3. This Court is the proper venue under 28 U.S.C. § 1391(a) because all parties reside within the Eastern District of Tennessee.

4. This Court is the proper venue under 28. U.S.C. §1391(b) because all incidents, events, and occurrences giving rise to this action occurred in Knoxville, Tennessee, which lies within the Eastern District of Tennessee.

## PARTIES

5. Plaintiffs and Minor were and are citizens of the United States and residents of Knox County, Tennessee.

6. Knox County is and was at all relevant times a political subdivision of the State of Tennessee, organized and existing under the laws and Constitution of the State of Tennessee.

7. Under Article XI, Section 9 of the Constitution of the State of Tennessee, Knox County has adopted "home rule" and thus is entitled to the creation of a charter.

8. Knox County's charter is entitled the "Charter of Knox County, Tennessee".

9. The Charter of Knox County, Tennessee contains provisions allowing Knox County to maintain a county-wide law enforcement agency through the Knox County Sheriff's Office.

## GENERAL ALLEGATIONS

10. Minor is the only child of Plaintiffs, who at the time the incident occurred was a student of Farragut Middle School ("Farragut Middle").

11. On the morning of September 16, 2022, Minor was in art class where he, along with a group of other boys, was completing the assignment as the teacher walked around observing within the classroom.

12. As the teacher neared Minor and the other boys, they overheard Minor make a reference to stealing a plane and crashing it into the school.

13. The other boys then laughed and continued to come up with more outlandish stories of the same nature in an attempt to "one-up" the previous story.

14. At some point after Minor's statement, another school official came to collect Minor for an examination which he was required to take at the other side of Farragut Middle.

15. Minor accompanied this other school official to the testing location and then, when the test was completed, Minor was allowed to walk to his next class unaccompanied - a considerable distance from the testing location through empty hallways as the next class period had already begun.

16. Later around midday, Minor was removed from class by a Knox County Sheriff's deputy and taken to the principal's office, where he met with the Principal, another Sheriff's deputy, and a school counselor.

17. Upon arrival, Minor was handed a blank form to fill out requesting that he write down what happened that morning in his art class. Minor began to casually answer a few questions but when he realized that the Principal was effectively interrogating him, he declined to answer any further questions or write any statement until his parents or an attorney was present.

18. At this time, one of the Sheriff's deputies then began going through Minor's backpack after removing their body camera from their person.

19. By this time Minor was handcuffed with his hands placed behind his back.

20. The Principal spoke to Plaintiff Sean Oellien ("Mr. Oellien") on the phone, outlining the situation and requesting that Mr. Oellien instruct Minor to answer Principal's questions, to which Mr. Oellien replied that he would not instruct Minor to answer any questions

until Mr. Oellien was present, that he was 15 minutes from Farragut Middle, and that he was already en route to Farragut Middle.

21. A deputy then took the phone from the Principal and stated that if Minor did not answer the questions immediately, that Minor would be arrested, to which Mr. Oellien responded that they would gladly answer any questions as soon as he was at Farragut Middle with an attorney present.

22. Deputy's statement that Minor "would be arrested" was inconsistent with the facts at that time, as Minor had already been handcuffed and was, effectively, seized.

23. The deputy then responded that would not be necessary, as Minor was being arrested and taken into the custody of the Knox County Sheriff's Office, and Mr. Oellien should instead wait for a call from the Juvenile Center.

24. The deputy then repeatedly told Mr. Oellien not to come to Farragut Middle, despite the instructions from the Principal to come to Farragut Middle.

25. Both deputies then led Minor out of Farragut Middle, past several students, and Minor was placed in Deputy's patrol car at roughly 1:00 PM.

26. Mr. Oellien then arrived in the shopping center parking lot outside of Farragut Middle, at which point he called Farragut Middle and asked if he should come onto Farragut Middle's campus or not.

27. Farragut Middle officials responded that Mr. Oellien should not come onto campus.

28. Mr. Oellien then proceeded to the Juvenile Center, after stopping by his bank to make arrangements in case money for bail was needed, and then arrived at the Juvenile Center as instructed where he saw numerous other individuals being arraigned in court.

29. As time passed, Mr. Oellien became increasingly concerned about the location of Minor as Farragut Middle is only 14 miles from the Juvenile Center.

30. After a few hours had passed, Mr. Oellien called Farragut Middle to see if Minor was still there but was told that Minor was not at Farragut Middle.

31. At the same time, criminal counsel for Minor called the Sheriff's Office to see if they could tell him where Minor was at that time, but was told they did not know Minor's location.

32. As people started to prepare the Juvenile Center to close for the weekend, Mr. Oellien asked the court officials if they knew where Minor may be but, after a reasonable search by some concerned court officials, they were able to determine that Minor had never arrived at the Juvenile Center.

33. Mr. Oellien, now extremely concerned as to Minor's location, exited the Juvenile Center as instructed so it could be closed for the weekend when he noticed a transport van pulling into the parking lot, at which point Mr. Oellien took a photo of the transport van so that he may have a timestamp of the arrival through the photo.

34. Mr. Oellien then returned to the lobby and was able to finally confirm that Minor had just arrived in the transport van but that with the court being closed for the weekend and all the judges having left, that Minor would be required to spend the weekend in jail before being arraigned on Monday.

**ALLEGATION NO. 1 – 42 U.S.C. § 1983 – FOURTH AMENDMENT VIOLATION: UNREASONABLE SEIZURE**

35. Plaintiffs hereby incorporate and reallege Paragraphs 1-34 as if they were fully restated herein.

36. The Knox County Sheriff's Office placed Minor in the deputy's vehicle around 1:00 PM yet Minor arrived at the Knox County Juvenile Center sometime at or around 4:30 PM in a transport van.

37. Unbeknownst to Plaintiffs, Plaintiffs' and Minor's counsel, and Knox County Dispatch, Minor stayed in the deputy's vehicle, with his hands still handcuffed behind his back, while deputy's vehicle sat directly outside the main lobby doors of Farragut Middle. For clarity, Minor could see the school's front office from the back seat of the vehicle through the main lobby doors as the vehicle sat next to the sidewalk.

38. During this time Minor was unable to communicate with his family or any legal counsel.

39. Further, the deputy would not inform Minor as to why they were staying right outside Farragut Middle's main lobby when asked by Minor why they were not leaving Farragut Middle.

40. Finally, a transport van arrived and Minor was placed on one side of the van while two adult detainees sat on the other side of the van, separated by the internal dividing wall.

41. The transport van then ultimately conveyed Minor to the Juvenile Center but arrived after it was too late to be arraigned on that same day, resulting in Minor's stay within the Juvenile Center over the weekend.

42. Minor was unable to see his parents until arraignment on the following Monday.

43. Minor was unable to speak to his legal counsel until arraignment on following Monday.

44. Minor ultimately went nearly 72 hours without speaking to his attorney or being told what was happening or why he was having to stay at the Juvenile Center over the weekend.

45. The wholly unreasonable delay in transporting Minor to the Juvenile Center immediately upon his arrest, instead waiting for several hours for a transport van to perform the same task which Deputy's vehicle was capable of doing, was either an intentional act designed to prevent Minor from being arraigned on the date of his arrest or was a negligent act of laziness in ensuring the wellbeing of the detainee, especially a minor detainee.

46. Plaintiffs allege these actions are a direct violation of Minor's Fourth Amendment right which prevent unreasonable seizures, which are applicable to the Knox County Sheriff's Office through the Fourteenth Amendment, the Tennessee Constitution, and the Charter of Knox County, Tennessee.

47. Plaintiffs, on behalf of Minor, are therefore entitled to compensatory damages, punitive damages, and reasonable attorneys' fees as prescribed under 42 U.S.C. § 1988.

## ALLEGATION NO. 2 – 42 U.S.C. § 1983 – FOURTEENTH AMENDMENT VIOLATION: DUE PROCESS

48. Plaintiffs hereby incorporate and reallege paragraphs 1-47 as if they were fully restated herein.

49. The Fourteenth Amendment of the Constitution of the United States prevents States from taking any action which "…deprives any person of…liberty…without due process of law".

50. Plaintiffs allege that by detaining Minor for several hours without advising his parents, Farragut Middle, dispatch for the Knox County Sheriff's Office, and the Knox County Juvenile Center of Minor's location, Minor was unjustly deprived of his liberty without due process of law.

51. Additionally, by waiting for an extended period of time before transporting Minor to the Juvenile Center, Minor was prevented from being arraigned on the same day as his arrest

and thus his stay within the Juvenile Center over the weekend was a continued violation of his constitutional rights to due process.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Sean Oellien and Ronda Oellien, on behalf of Minor, prays for relief as follows:

52. Compensatory damages in an amount to be proven at trial;

53. In the alternative, compensatory damages of one dollar ($1.00);

54. Punitive damages in an amount to be determined by this Court;

55. Costs and reasonable attorneys' fees; and

56. Any other relief this Court deems appropriate and equitable.

## JURY DEMAND

57. Plaintiffs hereby demand a jury trial for this action in accordance with Federal Rule of Civil Procedure 38.

SIGNATURE PAGE FOLLOWS

Respectfully submitted,

LAW OFFICE OF ADAM STRACHN, PLLC

   */s/ Adam Strachn*
_____
Adam Strachn, TN BPR No. 033915
11124 Kingston Pike Suite 119-317
Knoxville, Tennessee 37934
Tel.: 865.419.0747
Fax: 865.328.0737
Email: adam@strachnlaw.com
*Co-Counsel for Plaintiffs*
SEAN OELLIEN AND RONDA OELLIEN,
INDIVIDUALLY AND AS PARENTS OF MINOR
CHILD, AND MINOR CHILD

MCCLANAHAN & WINSTON, P.C.

   */s/ Matthew McClanahan*
_____
Matthew McClanahan, TN BPR No. 036867
9125 Middlebrook Pike
Knoxville, Tennessee 37931
Tel.: 865.347.3921
Email: matt@tennadvocate.com
*Co-Counsel for Plaintiffs*
SEAN OELLIEN AND RONDA OELLIEN,
INDIVIDUALLY AND AS PARENTS OF MINOR
CHILD, AND MINOR CHILD